UNITED STATES DISTRICT COURT
FOR THE NORTHERN( DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | 06 C 1983 |
| | ) | |
| v. | ) | |
| | ) | Judge Darrah |
| CHICAGO POLICE OFFICER NICHOLAS CORTESI, STAR NO. 15112, CHICAGO POLICE OFFICER R. SHULTZ, STAR NO. 13882, Individually and as employee/agents of the CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago, by Mara S. Georges, Corporation Counsel, for its Answer, Defenses, and Jury Demand to Plaintiff's Complaint, states as follows:

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

**ANSWER:** The City admits that plaintiff purports to bring this action for civil damages pursuant to 42 U.S.C. § 1983 for the alleged deprivation of plaintiff's constitutional rights. The City further admits that this court has jurisdiction over the federal claims in this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and over the state claim pursuant to 1343(a)(3).

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

**ANSWER:** The City admits the allegations of this paragraph.

3. Plaintiff, MICHAEL GIBBS, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

4. Defendants, CHICAGO POLICE OFFICER NICHOLAS CORTESI, STAR NO. 15112 and CHICAGO POLICE OFFICER R. SHULTZ, STAR NO. 13882, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

**ANSWER:** The City admits the allegations of this paragraph.

### FACTUAL SUMMARY

5. On July 19, 2004, the Plaintiff was with friends in the common area of the Chicago Housing Authority ("CHA") Washington Park complex located at 3940 S. Prairie in Chicago, Cook County, Illinois.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

6. The DEFENDANT OFFICERS arrived at the above location as the Plaintiff began to walk away from his friends.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

7. The DEFENDANT OFFICERS then chased the Plaintiff into the CHA building located at 4008-12 S. Prairie in Chicago, Cook County, Illinois.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

8. Defendant Officer Cortesi tackled the Plaintiff on the second floor stairwell of the above location.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

9. Defendant Officer Cortesi then began to strike the Plaintiff in the fact with the handle of his firearm.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

10. The DEFENDANT OFFICERS continued to punch and kick the Plaintiff about his head and body.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

11. The DEFENDANT OFFICERS handcuffed the Plaintiff and dragged the Plaintiff down the stairs and out of the building at 4008-12 S. Prairie.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

12. The Plaintiff was transported from the scene to Northwestern Memorial Hospital's Trauma Center where the Plaintiff was diagnosed with multiple nasal bone fractures, facial lacerations and other injuries.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

13. On July 19, 2004, at approximately 6:00 a.m., the Plaintiff was discharged from Northwestern's Trauma Center and held in custody at the Chicago Police Station's 2nd District lock up.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

14. On July 91, 2004, at approximately 4:30 p.m., attorney Sam Adam, Jr., arrived at the 2nd District and met with the Plaintiff.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

15. Mr. Adam immediately informed the desk Sergeant, Sgt, Roman, Star No. 1733, that the Plaintiff was spitting up blood, complained of chest pains and was in need of medical attention

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

16. Sgt Roman informed Mr. Adam that he had just gotten on duty and it "was not his problem."

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

17. Sgt. Roman also told Mr. Adam that the Plaintiff's condition was "not his concern" and refused to notify the Office of Professional Standards (O.P.S.).

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

18. Mr. Adam demanded to speak to the Watch Commander. Sgt. Roman refused and Mr. Adam began to leave the 2nd District to send a telegram to Chicago Police Superintendent Phil Cline.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

19. Sgt. Roman called Mr. Adam back into the police station and informed Mr. Adam that his Watch Commander was making him notify O.P.S. of the Plaintiff's condition, but that Mr. Adam should write down in his notes that Sgt. Roman refused to call O.P.S. and that he would continue to refuse, but that his superior was ordering him to do it.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

20. At 5:15 p.m. on July 19, 2004 the Plaintiff was transported to Provident Hospital at 500 E. 51st in Chicago for medical treatment for his various injuries from his earlier beating by the DEFENDANT OFFICERS.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

21. The Plaintiff was charged with Unlawful Use of a Weapon. All criminal charges were subsequently dismissed in a manner indicative of the Plaintiff's innocence.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

## COUNT I
### 42 U.S.C.. S 1983: False Arrest/Unlawful Detention

The City is not a party-defendant in count I. Therefore, it does not answer the allegations in this count.

## COUNT II

### 42 U.S.C. § 1983: Excessive Force

The City is not a party-defendant in count II. Therefore, it does not answer the allegations in this count.

## COUNT III
### State Law Claim: Malicious Prosecution

29. Plaintiff re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

**ANSWER:** The City realleges its answers to paragraphs 1-21 of plaintiff's Complaint.

30. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

33. DEFENDANT OFFICERS accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

32. Statements of DEFENDANT OFFICERS regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

33. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

34. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

35. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable tor their actions.

**ANSWER:** The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

### COUNT IV
### Monell Claim
### (City of Chicago)

36. Plaintiff re-allege and incorporate paragraphs 1 -21 above as fully stated herein.

**ANSWER:** The City realleges its answers to paragraphs 1-21 of plaintiff's Complaint.

37. The misconduct described in this complaint was undertaken under the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the misconduct described above, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the Chicago Police Department makes findings of wrong doing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

   f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officers career;

   g. As a matter of express policy, the City of Chicago refuses to take into consideration patters of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row the Office of Professional Standards ("O.P.S.") is forbidden by the City from considering those allegations if they are deemed unsustained; and

   h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

 **ANSWER:** The City denies the allegations of this paragraph.

 38. The DEFENDANT, CITY OF CHICAGO, was aware the DEFENDANT OFFICERS engaged in the misconduct described in this complaint in the attempt to secure informants and punish citizens, such as the Plaintiff's who do not comply with DEFENDANT OFFICERS' threats.

 **ANSWER:** The City denies the allegations of this paragraph.

 39. Such deliberate indifference by the City of Chicago resulted in a custom and defacto policy of failing to receive, investigate, or act on citizen complaints of misconduct and abusive behavior by DEFENDANT OFFICERS.

 **ANSWER:** The City denies the allegations of this paragraph.

 40. As a result of the above described custom and defacto policy of DEFENDANT, CITY OF CHICAGO, the Plaintiff suffered financial and other damages, including, but not limited to, substantial mental stress and anguish.

 **ANSWER:** The City denies the allegations of this paragraph.

**COUNT V**
**State Law claim: Indemnification**

 41. Plaintiff re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

**ANSWER:** The City realleges its answers to paragraphs 1-21 of plaintiff's Complaint.

42. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

**ANSWER:** The City admits the allegations of this paragraph.

43. DEFENDANT OFFICERS are or were employees of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** The City admits that defendant officers were employees of the City of Chicago and acted within the scope of their employment in their encounter with plaintiff on July 19, 2004. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

44. Plaintiff, MICHAEL GIBBS, respectfully requests that the Court:

   a. Enter judgment in his favor and against Defendants, CHICAGO POLICE OFFICER NICHOLAS CORTESI, STAR NO. 15112 and CHICAGO POLICE OFFICER R. SHULTZ, STAR NO. 13882;

   b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICER NICHOLAS CORTESI, STAR NO. 15112 and CHICAGO POLICE OFFICER R, SHULTZ, STAR NO, 13882;

   c. Award attorneys' fees against Defendants, CHICAGO POLICE OFFICER NICHOLAS CORTESI, STAR NO. 15112 and CHICAGO POLICE OFFICER R. SHULTZ, STAR NO. 13882;

   d. Award punitive damages against CHICAGO POLICE OFFICER NICHOLAS CORTESI, STAR NO. 15112 and CHICAGO POLICE OFFICER R. SHULTZ, STAR NO. 13882 in their individual capacities; and

   e. Grant any other relief this Court deems just and appropriate.

**ANSWER:** The City admits that plaintiff purports to ask for the relief specified in this paragraph.

WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's Complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this court deems just and proper.

## DEFENSES

1. Defendant City is not liable to plaintiff if its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109 (2004).

2. To the extent any employee or agent of defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2004).

3. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2004).

4. Plaintiff has a duty to mitigate his damages, and any damages awarded to plaintiff would be required to be reduced by any amount by which the damages could have been lessened by plaintiff's failure to take reasonable action to minimize those damages.

## JURY DEMAND

Defendant City of Chicago requests trial by jury.

                                      MARA S. GEORGES
                                      Corporation Counsel of the City of Chicago

By: **/s/ George J. Yamin, Jr.**
      Senior Counsel

30 North LaSalle Street, Suite 1610
Chicago, Illinois 60602
(312) 744-0454
Attorney No. 06217483